UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMSTRONG TEASDALE LLP,<br><br>Plaintiff,<br><br>vs.<br><br>MATT MARTORELLO, REBECCA MARTORELLO, JUSTIN MARTORELLO, GALLANT CAPITAL LLC, LIONT LLC, and EVENTIDE CREDIT ACQUISITIONS LLC<br><br>Defendants. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Armstrong Teasdale LLP ("**Armstrong**"), and for its claims and causes of action against Defendants Matt Martorello, Rebecca Martorello, Justin Martorello (collectively, the "**Martorellos**), Gallant Capital LLC ("**Gallant**"), Liont LLC ("**Liont**"), and Eventide Credit Acquisitions LLC ("**Eventide**" and, together with Liont, Gallant, and the Martorellos, "**Defendants**"), states as follows.

## THE PARTIES

1. Armstrong is a limited liability partnership with its principal place of business located in St. Louis County, Missouri, and an office located in Philadelphia, Pennsylvania. Its members are citizens of Missouri, Illinois, Kansas, Colorado, Pennsylvania, and Nevada.

2. Matt Martorello is an individual who is domiciled in Texas.

3. Justin Martorello is an individual who is domiciled in Texas.

4. Rebecca Martorello is an individual who is domiciled in Texas.

5. Gallant is a limited liability company organized under the laws of Delaware with its principal place of business in Los Angeles, California. Upon information and belief, its sole member is a citizen of Texas.

6. Liont is a limited liability company organized under the laws of Delaware with its principal place of business in Dorado, Puerto Rico. Upon information and belief, its sole member is a citizen of Texas.

7. Eventide is a limited liability company formed under the laws of Delaware with its principal place of business in Dallas, Texas. Upon information and belief, its members are citizens of Michigan, South Carolina, Texas, Minnesota, and the Cook Islands.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action is between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over each of the Defendants because they requested Armstrong to provide legal services and negotiated and transacted business with Armstrong within the State of Pennsylvania and within this district; Armstrong provided legal services to Defendants from Pennsylvania.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2), 1391(c)(2), and 1391(d).

## GENERAL ALLEGATIONS

11. In October 2018, Matt Martorello engaged Armstrong to represent him in several ongoing lawsuits, under the terms of an Engagement Letter dated October 2, 2018 (the "**Matt Martorello Engagement Letter**"). A true and accurate copy of the Matt Martorello Engagement Letter is incorporated by reference and attached as **Exhibit 1**.

12. The October 2018 retention of Armstrong by Matt Martorello followed his earlier engagement in July 2017 of attorneys who later moved to Armstrong in September 2018. At that time, Martorello decided to retain Armstrong and move his files to Armstrong for the litigation described herein.

13. On December 13, 2018, Matt Martorello executed an Engagement Letter with Armstrong for its representation of Eventide (the "**Eventide Engagement Letter**"). A true and accurate copy of the Eventide Engagement Letter is incorporated by reference and attached as **Exhibit 2**.

14. On June 6, 2019, Matt Martorello executed an Engagement Letter with Armstrong for its representation of Gallant (the "**Gallant Engagement Letter**"). A true and accurate copy of the Gallant Engagement Letter is incorporated by reference and attached as **Exhibit 3.**

15. Armstrong represented some or all of the Defendants in multiple lawsuits before multiple venues nationwide, from October 2018 to October 2020. These cases included *Williams, et al. v. Big Picture Loans, LLC, et al.*, Case No. 3:17-cv-461 (E.D. Va.); *Galloway, et al. v. Big Picture Loans, LLC, et al.*, Case No. 3:18-cv-406 (E.D.Va.); *Galloway, et al. v. Williams, Jr., et al.*, Case No. 3:19-cv-470 (E.D. Va.); *Williams, et al, v. Microbilt, et al.*, Case No. 3:19-cv-85 (E.D. Va.); *McKoy, et al. v. Matt Martorello, et al.*, Case No. 1:18-cv-03217 (N.D. Ga.); *Smith, et al. v. Matt Martorello, et al.*, Case No. 3:18-cv-01651 (D. Or.); *Cumming, et al. v. Matt Martorello, et al.*, Case No. 5:18-cv-03476 (N.D. Cal.); *Duggan, et al. v. Matt Martorello, et al.*, Case No. 18-cv-12277 (D. Mass.); *Galloway, et al. v. Justin Martorello, et al.*, Case No. 3:19-cv-00314 (E.D. Va.); *Kobin, et al. v. Matt Martorello, et al.*, Case No. 2:19-cv-2842 (C.D. Cal.); and *Williams, et al. v. Matt Martorello, et al.*, Case No. 3:19-cv-00085 (E.D. Va.).

16. Armstrong has also represented some or all of the Defendants in various arbitrations before the American Arbitration Association.

17. In accord with the engagement letters, during the engagement, Defendants were provided statements for the services Armstrong rendered.

18. From November of 2018 until July of 2019, Defendants paid the statements as presented.

19. In September 2020, Armstrong was advised that Defendants were retaining new counsel to replace Armstrong as their counsel. Prior to terminating Armstrong as their attorneys, Defendants never stated that they would not pay Armstrong's statement.

20. Defendants have failed to pay outstanding balances for these services, in an amount exceeding Three Million Five Hundred Thousand Dollars ($3,500,000.00).

## COUNT I – SUIT ON ACCOUNT
### (Against Matt Martorello)

21. Armstrong hereby incorporates by reference as though fully set forth herein each of the allegations contained in paragraphs 1 through 20.

22. Matt Martorello is indebted to Armstrong on account of his failure to pay for numerous services provided to Defendants at Matt Martorello's request.

23. Since June 2019 through the present, Defendant Matt Martorello has failed to pay numerous invoices and is indebted to Armstrong in the total amount of $3,558,783.90. A true and accurate copy of an itemized statement of Matt Martorello's account with Armstrong is attached hereto as **Exhibit 4** and incorporated herein by reference.

24. Armstrong has made repeated demand for payment of all amounts due and owing to it by Matt Martorello, but Matt Martorello has failed to pay his debt.

25.     In total, Armstrong has sent seventeen invoices to Defendants that have not been paid in full, totaling $3,558,783.90 as of November 10, 2020.

26.     The work performed by Armstrong was necessary, the number of hours spent performing that work was appropriate, and the hourly rates charged for that work were fair and reasonable for the specialized, complex, and professional services provided to Defendants.

27.     Armstrong is also entitled to interest accruing at a rate of 9% per year measured from the due date for payment of each invoice until the date judgment is entered.

28.     Armstrong is also entitled to its attorney fees and all other costs associated with the collection of delinquent invoices.

WHEREFORE, Plaintiff Armstrong Teasdale LLP hereby requests this Court enter judgment in its favor and against Defendants in the amount of $3,558,783.90, plus 9% interest per year accruing on each statement from the due date for payment of each, plus any fees and expenses incurred in instituting and prosecuting this lawsuit, together with any other and further relief as this Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
(Against Matt Martorello, Eventide, and Gallant)

29.     Armstrong hereby incorporates by reference as though fully set forth herein each of the allegations contained in paragraphs 1 through 20.

30.     Armstrong brings its claim for breach of contract in the alternative to its claim for suit on account.

31.     In October 2018, December 2018, and June 2019, Defendants Matt Martorello, Eventide, and Gallant, respectively, agreed to the terms set out in Armstrong's Engagement Letters (Exs. 1-3).

32. Armstrong sent monthly statements to Defendants and otherwise performed all of its obligations under the Engagement Letters.

33. Defendants accepted Armstrong's services and invoices.

34. The work performed by Armstrong was necessary, the number of hours spent performing that work was appropriate, and the hourly rates charged by Armstrong were fair and reasonable for the specialized, complex, and professional services provided to Defendants.

35. Despite repeated demands, Defendants have failed and refused to pay Armstrong for the services provided, and are in breach of the Engagement Letters.

36. As a direct and proximate result of Defendants' breach of contract, Armstrong has been damaged in the amount of $3,558,783.90, plus prejudgment interest accruing at a rate of 9% per year on each invoice from the due date for payment of each.

37. In addition to the invoiced amounts, the Engagement Letters provide that Armstrong is entitled to recover its attorneys' fees and costs incurred as a result of Defendants' failure to pay.

WHEREFORE, Plaintiff Armstrong Teasdale LLP hereby requests this Court enter judgment in its favor and against Defendants in the amount of $3,558,783.90, plus 9% interest per year accruing on each invoice from the due date for payment of each, together with its attorneys' fees and expenses incurred in instituting and prosecuting this lawsuit and any other and further relief as this Court deems just and proper.

### COUNT III – QUANTUM MERUIT
(**Against All Defendants**)

38. Armstrong hereby incorporates by reference as though fully set forth herein each of the allegations contained in paragraphs 1 through 20.

39.  Armstrong brings its claim for quantum meruit in the alternative to its claims for breach of contract and suit on account.

40.  Armstrong provided legal services to Defendants upon Defendants' request and with Defendants' knowledge and consent, and Defendants accepted these services without objection.

41.  The work performed by Armstrong was necessary, the number of hours spent performing that work was appropriate, and the hourly rates charged by Armstrong were fair and reasonable for the specialized, complex, and professional services provided to Defendants.

42.  Defendants have failed to pay Armstrong a total of $3,558,783.90 for those services, which is the reasonable value of those services at the time those services were provided to Defendants.

43.  Defendants have refused to pay that amount despite Armstrong's demands for payment.

44.  It would be unjust and inequitable for Defendants to retain the services provided to them by Armstrong without paying the reasonable value of those services in return.

45.  Defendants are jointly and severally liable as they acted with apparent authority on each other's behalf in their interactions with Armstrong.

46.  As a result of Defendants' unjust and inequitable conduct, Armstrong has been damaged in the amount of $3,558,783.90, plus prejudgment interest in the amount of 9% per year.

WHEREFORE, Plaintiff Armstrong Teasdale LLP hereby requests this Court enter judgment in its favor and against Defendants in the amount of $3,558,783.90, plus prejudgment interest in the amount of 9% per year, together with any other and further relief as this Court deems just and proper.

Dated:  August 14, 2021

ARMSTRONG TEASDALE LLP


By: */s/ Carrie Sarhangi Love*
    Carrie Sarhangi Love (PA ID # 202846)
    2005 Market Street, 29th Floor
    Philadelphia, PA 19103
    267.780.2011
    215.405.9070 (facsimile)
    clove@atllp.com


ATTORNEY FOR PLAINTIFF
ARMSTRONG TEASDALE LLP