UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
EASTERN DIVISION

| | | |
|---|---|---|
| ARMSTRONG TEASDALE LLP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 2:21-cv-03631 |
| | ) | |
| MATT MARTORELLO, REBECCA | ) | |
| MARTORELLO, JUSTIN MARTORELLO, | ) | |
| GALLANT CAPITAL LLC, LIONT LLC, and | ) | |
| EVENTIDE CREDIT ACQUISITIONS LLC | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS REBECCA MARTORELLO'S AND JUSTIN MARTORELLO'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FOR PLAINTIFF'S FAILURE TO STATE A CLAIM**

Defendant Rebecca Martorello (hereinafter "**Rebecca**") and Justin Martorello (hereinafter "**Justin**"), by and through undersigned counsel, file this Motion to Dismiss Plaintiff Armstrong Teasdale LLP's ("**Armstrong**" or "**Plaintiff**") suit for failure to state a claim upon which relief can be granted, as authorized by Federal Rule of Civil Procedure 12(b)(6).

**A.  INTRODUCTION**

This is a case involving a law firm which, pursuant to individual engagement letters, that provided legal services to two separate, individual clients involved in a single but the same matter; that failed to bill the two clients for the services provided and ask for payment; and refused to provide the two clients any billing statements that showed the work done for each client, the attorneys who worked on the matter for each client, and the total fees incurred to represent each client for which the law firm expects to be paid. Only with the instant lawsuit does Armstrong now ask Rebecca and Justin for payment for legal services provided. Instead, Armstrong fails to provide the Court with Rebecca and Justin's respective engagement letters in

the hopes that the Court will somehow find that each is liable for services provided to Matt and Matt's businesses in other matters, including a Chapter 11 bankruptcy and an arbitration between a creditor and a borrower in default.

Plaintiff is Armstrong Teasdale LLP, a limited liability partnership doing business as a law firm in Philadelphia, Pennsylvania. Defendant Rebecca Martorello is an individual who resides in Dallas, Texas. Rebecca is the wife of defendant Matt Martorello ("**Matt**") and has no ownership of or involvement in any of her husband's businesses named as "**Entity Defendants**," Gallant Capital LLC ("**Gallant**"), Liont, LLC ("**Liont**") or Eventide Credit Acquisitions, LLC ("**Eventide**"), in which Matt has ownership and/or involvement. Defendant Justin Martorello is the brother of defendant Matt and likewise has no ownership of or involvement in Matt's businesses Gallant, or Liont, but is a non-voting 9.9% member of Eventide.

Armstrong sued Defendants Matt Martorello, Rebecca Martorello, and Justin Martorello and Defendants Gallant, Liont and Eventide (collectively referred to herein as "**Defendants**"). Plaintiff's Complaint asserts claims for Suit on Account, Breach of Contract, and Quantum Meruit based upon Defendants' alleged failure to pay for legal services provided by Armstrong in connection with matters pending in Virginia and other states. Virtually all, or the majority, of the underlying legal services for which $6,500,000.00 have been paid to date, were provided to and for the benefit of Matt and Eventide (each of which also had their own independent engagement letters), but not Rebecca or Justin.

Rebecca and Justin have each been named individually as a defendant in one (1) matter only, *Galloway, et al. v. Martorello, et al.* which is pending in the Eastern District of Virginia. Rebecca retained Armstrong on June 7, 2019, to represent her interests in the Galloway matter and Justin retained Armstrong on May 13, 2019, to represent his interests in the Galloway

matter. The Quantum Meruit claim is the only claim alleged by Armstrong as to Rebecca and Justin. Every portion of the $6,500,000.00 in legal fees that have been paid to date, was paid by Eventide in response to invoices sent by Armstrong to only Matt in care of Liont's business address. Matt is the president of Liont, and Liont was the manager of Eventide.

In their complaint, Armstrong did not state a claim against Rebecca and Justin upon which relief can be granted. Armstrong has not demonstrated that they provided legal services to Rebecca and Justin and the extent of those services, has not demonstrated they provided statements to Rebecca and Justin for the legal services or requested payment from Rebecca and Justin for the legal services, and Armstrong has not demonstrated they received a prior partial payment from Rebecca and Justin in response to the statements or made demand for alleged outstanding statement(s). Simply put, Rebecca and Justin have never been informed of what they owe nor even been asked to pay the bill and when Rebecca and Justin have requested same, Armstrong refused to provide it. Had Rebecca and Justin been properly billed, both defendants would have paid their obligation, if it was not already paid as part of the aggregated bills that were sent to Matt as "General Litigation" and paid for by Eventide.

More importantly, Armstrong does not (because it cannot) demonstrate that Rebecca and Justin are jointly and severally liable for the other defendants named in other matters who allegedly have outstanding debt of over $3,500,000.00, and Armstrong does not demonstrate (because it cannot) that Rebecca and Justin acted with apparent authority on behalf of Gallant, Liont, Eventide, Matt or each other in their interactions with Armstrong. Conveniently absent from Armstrong's exhibits, in addition to the Engagement Letters signed by Rebecca and Justin, are any documents to support such a meritless legal conclusion. Armstrong's Complaint alleged it represented some or all of the Defendants in multiple lawsuits before multiple venues

nationwide, from October 2018 to October 2020. *Plaintiff's Complaint Paragraph 15*. Armstrong is wrong as they represented only Matt in multiple lawsuits before multiple venues. *See* Plaintiff's Exhibit 1. Armstrong's Complaint alleged it has represented some or all of the Defendants in various arbitrations before the American Arbitration Association. *Plaintiff's Complaint Paragraph 16*. Armstrong is wrong as they represented only Eventide in AAA Arbitration. *See* Plaintiff's Exhibit 2. Armstrong's Complaint alleged that in accord with the engagement letter during engagement, Defendants were provided statements for the services Armstrong rendered. *Plaintiff's Complaint Paragraph 17.* Armstrong is wrong as they provided statements only to Matt in care of Liont's business address. *See* Plaintiff's Exhibit 4. Armstrong's Complaint also alleged that from November of 2018 until July of 2019, Defendants paid the statements as presented. *Plaintiff's Complaint Paragraph 18*. Armstrong is wrong and provides no evidence of this inaccurate claim. Armstrong alleged that prior to terminating Armstrong as their attorneys, Defendants never stated that they would not pay Armstrong's statement. *Plaintiff's Complaint Paragraph 18.* Armstrong is wrong as they never spoke to Rebecca or Justin about any outstanding payment obligation whatsoever.

Though they do not provide any invoice or communication to Rebecca or Justin at all, Armstrong's Complaint further alleged Defendants have failed to pay an outstanding balance for legal services in an amount exceeding Three Million Five Hundred Thousand Dollars ($3,500,000.00). *Plaintiff's Complaint Paragraph 20.* In addition, Armstrong's Complaint alleged that the work performed was necessary, the number of hours spent performing the work was appropriate, and the hourly rates charged by Armstrong were fair and reasonable for the specialized, complex, and professional services provided to Defendants. *Plaintiff's Complaint Paragraph 41.* Lastly, Armstrong's Complaint alleged that Defendants are jointly and severally

liable as they acted with apparent authority on each other's behalf in their interactions with Armstrong. ***Plaintiff's Complaint Paragraph 45.***

Aside from aggregated claims alleged as to all Defendants, Armstrong fails to state any claims against Rebecca and Justin specifically and individually upon which relief can be granted. Armstrong's threadbare recitals and mere conclusory statements do not meet the threshold test and this Court cannot, and must not, accept Armstrong's unsupported allegations that Rebecca and Justin are jointly and severally liable for Matt and/or the Entity Defendants. Accordingly, the Court should dismiss Armstrong's suit as to Rebecca and Justin. In the alternative, Rebecca and Justin request that the Court order Armstrong to provide each of them a detailed billing statement outlining all services provided by Armstrong with all attorneys working on each of their single matters and all time generated by each of those attorneys in defending each of their interests.

## B. ARGUMENT

The court may dismiss a complaint if it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Spadoni v. Easton Area School* 2008 WL 2169525 May 23, 2008; *Brown v. Card Services Center*, 464 F. 3d 450, 456 (3d. Cir. 2006) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984). The court may look to the allegations made in the complaint, the exhibits attached to the complaint, and any documents whose authenticity no party questions and whose contents are alleged in the complaint when determining a motion to dismiss for failure to state a claim upon which relief can be granted. *Cioli v. Iravani*, 625 F. Supp. 2d 276 (2009). The court may also take into consideration a "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Lit.,* 114 F. 3 1410, 1426 (3d Cir. 1997).

A court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions.

*DeBenedictis v. Merrill Lynch & Co., Inc.*, 492 F. 3d 209, 215; *Cioloi v. Iravani* at 283. *Spadoni v. Eastern Area School District*, 2008 WL 2169525. A claim may be dismissed when the facts alleged, and the reasonable inferences drawn therefrom are legally insufficient to support the relief sought. *Cioli v. Iravani* at 283.

The Third Circuit has held that a district court must conduct a two-part analysis whether a claim survives a motion to dismiss. *Fowler v. UPMA Shadyside*, 578 F. 3d 203, 2210 (3d Cir. 2009). First the court must distinguish between factual and legal elements of the claim. *Id*. at 210-11. The court must accept as true the plaintiff's well-plead allegations and construe the complaint in the light most favorable to the plaintiff, *Common Cause of Pa. v. Pennsylvania*, 558 F. 3d 249, 253 (3d Cir. 2009) (citing *Lewis v. Atlas Van Lines, Inc.*, 542 F. 3d 403, 405 (3d Cir. 2008), but not "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Fowler,* 578 F. 3d at 210 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Second, the court must inquire whether the complaint states a plausible claim to relief. *Id*. at 211 (citing *Iqbal,* 129 S. Ct. at 1950). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 129 S. Ct. at 1950 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *Rolon v. Lackawanna County*, 1 F. Supp. 3d 300 (2014).

Armstrong pleads no allegations as to Rebecca and Justin that would provide Rebecca and Justin with fair notice of Plaintiff's claim as to Rebecca and Justin. Absent from its Complaint, as noted above, are well-plead allegations, or any allegations at all, demonstrating that Armstrong represented Rebecca and Justin in multiple lawsuits before multiple venues nationwide; that Armstrong represented Rebecca and Justin in various arbitrations before the

American Arbitration Association; that Armstrong provided Rebecca and Justin statements for the services they rendered; that Rebecca and Justin made payments on those statements; that Rebecca and Justin have failed to pay an outstanding balance for legal services to them in an amount exceeding Three Million Five Hundred Thousand Dollars ($3,500,000.00); and that the work performed for Rebecca and Justin was necessary, the hours spent performing work for Rebecca and Justin was appropriate, and the hourly rates charged by Armstrong to Rebecca and Justin were fair and reasonable for the legal services Armstrong provided to each of them.

Armstrong cannot provide fair notice of its claims as to Rebecca and Justin because it did not engage in these acts or comply with their own Engagement Letters as alleged in its Complaint as to Rebecca and Justin. Armstrong's Complaint consists solely of threadbare recitals of a single cause of action collectively clumping Rebecca and Justin with the other named defendants and supported by its mere conclusory statements and, as such, does not meet the threshold test to withstand a motion to dismiss.

Rebecca and Justin have not been involved in multiple lawsuits before multiple venues nationwide, from October 2018 to October 2020. Rebecca and Justin were each named in one (1) matter only and had been represented by Armstrong in one (1) litigation matter only in Virginia, *Galloway et al. v. Martorello et al.* (Rebecca Martorello Affidavit, attached hereto as **Exhibit 1**, ¶ 2) (Justin Martorello Affidavit, attached hereto as **Exhibit 2**, ¶ 2). Rebecca and Justin have not been represented by Armstrong in various arbitrations before the American Arbitration Association. (Rebecca Martorello Affidavit, ¶ 2) (Justin Martorello Affidavit, ¶ 2). Plaintiff's Complaint is absent of any allegations as to Rebecca and Justin as to legal services being provided, statements being provided, requesting payment for those services, because until this lawsuit, Armstrong never asked either Rebecca or Justin for payment.

Armstrong attaches no exhibits to its Complaint to support its baseless claims as to Rebecca and Justin. Armstrong has attached as Plaintiff's Exhibit 1 an engagement letter between Matt and Armstrong related to several then pending matters and Exhibits 2 and 3 are engagement letters between Eventide and Armstrong and Gallant and Armstrong related to pending matters, but not Rebecca and Justin. As Armstrong is aware, conveniently omitted from its Complaint is the fact that Rebecca and Justin each independently retained Armstrong on June 7, 2019, and May 13, 2019, respectively, for representation in the *Galloway* matter only. (Rebecca Martorello Affidavit, ¶ 4) (Justin Martorello Affidavit, ¶ 4). Contrary to the explicit terms on page 2 in the Armstrong-Rebecca and Armstrong-Justin engagement letters entitled **Payment of Statements** and contrary to Armstrong's baseless claims in its Complaint, during their engagement of Armstrong, Rebecca and Justin have not been provided nor have they received monthly statements or any billing statements for the legal services provided to each of them by Armstrong related to the *Galloway* matter. (Rebecca Martorello Affidavit, ¶ 6) (Justin Martorello Affidavit, ¶ 6). More importantly, Plaintiff's only exhibit which supposedly details the alleged outstanding legal fees is Exhibit 4 which contains cover pages only of billing invoices addressed to Matt c/o Liont, LLC. The cover pages identify the Matter as 1; the Matter Name as General Litigation; and are devoid of any description of the legal services provided and/or the client(s) for whom the services were provided, the attorney(s) who provided the legal services, the time spent on the legal services, and the billing rate for the attorney(s) who performed legal services. As a result, prior to this lawsuit Rebecca and Justin have not been provided fair and reasonable notice of Armstrong's claims as to Rebecca and Justin, and the aggregate factual allegations in Plaintiff's Complaint concerning the Defendants are insufficient and improper.

8

Factual allegations that are merely consistent with a defendant's liability, or that permit the court to infer no more than the mere possibility of misconduct, are not enough to survive a motion to dismiss for failure to state a claim upon which relief can be granted. Rather, the plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *TriState HVAC Equipment, LLP v. Big Belly Solar, Inc.*, 752 F. Supp.2d 517(2010). The court must accept all of the complaint's well-pleaded facts as true but may disregard any legal conclusions. *TriState HVAC Equipment* at 527 (citing *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 210 (3d Cir. 2009); *see also Iqbal*, 129 S. Ct. at 1950 (asserting that a court should assume the veracity of well-pleaded factual allegations, but legal conclusions "are not entitled to the assumption of truth"). However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Ahmed v. Wells Fargo Bank, NA*, 432 F. Supp. 3d 556 (2020) citing *Schuchardt v. President of the U.S.,*839 F.3d 336, 347 (3d Cir. 2016).

Conclusory assertions of fact and legal conclusions are not entitled to the same presumptions. *Id.* Armstrong's Complaint merely provides aggregated conclusory assertions of fact as to some or all of the Defendants but is devoid of any well-pleaded factual allegations to demonstrate that Rebecca and Justin were provided monthly billing statements for services in each of their defense, that Armstrong requested Rebecca and Justin make payment for those services consistent with the engagement agreement the parties entered into (which Armstrong conveniently failed to attach to their Complaint), and that Rebecca and Justin failed to pay an outstanding balance for legal services in an amount exceeding Three Million Five Hundred Thousand Dollars ($3,500,000.00).

In addition to conclusory assertions of facts, Plaintiff's Complaint contains legal

conclusions at paragraph 44 ("It would be unjust and inequitable for Defendants to retain the services provided to them by Armstrong without paying the reasonable value of those services in return") and paragraph 45 ("Defendants are jointly and severally liable as they acted with apparent authority on each other's behalf in their interactions with Armstrong") without any evidentiary support for the claims as to Rebecca and Justin. ***Plaintiff's Complaint Paragraph 44 and 45.*** Had Armstrong attached as exhibits to their Complaint Rebecca and Justin's engagement letters, each would demonstrate that neither Rebecca nor Justin agreed to be personally liable for the legal bills of business entities related to Matt. *See* Exhibit A to Rebecca's and Exhibit A to Justin's Affidavit. Plaintiff's Complaint and the supporting exhibits, none of which even identify or demonstrate a relationship between Armstrong and Rebecca and Justin, do not provide Rebecca and Justin or this Court a description of the services provided to each of them, the attorney(s) who provided the legal services to Rebecca and Justin, the amount of time spent for each legal service provided to Rebecca and Justin, the billing rate for each attorney providing legal services to Rebecca and Justin and the total fees incurred by Rebecca and Justin for the legal services provided by Armstrong. Instead, Armstrong's Complaint simply makes conclusory assertions of their personal obligations to pay the bills of Matt's business entities (including those related to numerous claims brought by Eventide against its borrower, and Eventide's Chapter 11 bankruptcy).

Without a complete recitation of the services provided and fees requested by Armstrong for those services, one cannot make the perfunctory conclusion that Rebecca and Justin somehow received legal services without making payment for same and engaged in unjust and inequitable activities. Additionally, as to Armstrong's claims of joint and several liability because the statements are merely conclusions, they are not entitled to an assumption of truth and should be

disregarded. *Iqbal*, 556 U.S. at 679; *Ahmed,* 432 F. Supp.3d at 561. Armstrong's cause of action

for Quantum Meruit as to Rebecca and Justin is likewise improper and runs afoul of this pleading

requirement.

## B.  CONCLUSION

For these reasons, Defendants Rebecca Martorello and Justin Martorello respectfully

request this Court to grant their Motion to Dismiss this case as Plaintiff has not stated a claim

upon which relief can be granted, and for such other and further relief to which Rebecca and

Justin may be entitled. In the alternative, Rebecca and Justin respectfully request this Honorable

Court to order Armstrong to immediately provide each of them a detailed billing statement

outlining all services provided by Armstrong with all attorneys working on each of their single

matters and all time generated by each of those attorneys in defending each of their interests so

that they can be given the option to promptly pay their bill.

<div style="margin-left: 40%;">

Respectfully Submitted,

**BROPHY & DEVANEY, PLLC**

By:   */s/ Marianne Barth*
   Joseph F. Brophy, admitted *pro hac vice*
   Marianne Barth, admitted *pro hac vice*
   The Overlook at Barton Creek
   317 Grace Lane, Suite 210
   Austin, Texas 78746
   Phone: (512)910-7797
   Joe@bdlawpllc.com
   Marianne@bdlawpllc.com

   George Bochetto, Esquire (PA ID# 27783)
   Jeffrey W, Ogren, Esquire (PA ID# 59090)
   1524 Locust Street
   Philadelphia, PA 19102
   Phone: (215)735-3900
   gbochetto@bochettoandlentz.com
   jogren@bochettoandlentz.com

</div>

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all counsel of record on this __10__ day of December 2021.

Carrie Sarhangi Love
clove@atllp.com
Armstrong Teasdalle LLP
2005 Market Street, 29th Floor
Philadelphia, PA 19103
Tel. (267)780-2011
Fax (215)405-9070

**ATTORNEY FOR PLAINTIFF**

>          */s/ Marianne Barth*
>          Marianne Barth