# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMSTRONG TEASDALE LLP, | : |
| *Plaintiff/* *Counterclaim-Defendant,* | : : : : |
| v. | : |
| MATT MARTORELLO, REBECCA MARTORELLO, JUSTIN MARTORELLO, GALLANT CAPITAL LLC, LIONT LLC, and EVENTIDE CREDIT ACQUISITIONS LLC | : : : : : |
| *Defendants/* *Counterclaim Plaintiffs,* | : : : |
| v. | : |
| RICHARD L. SCHEFF, | : : |
| *Third-Party Defendant.* | : |

Case No.: 2:21-cv-03631-CFK

**ARMSTRONG TEASDALE LLP AND RICHARD L. SCHEFF'S REPLY
IN FURTHER SUPPORT OF THEIR MOTION FOR CONTEMPT,
SANCTIONS, AND TO ENFORCE DEFENDANTS' COMPLIANCE WITH THE
COURT'S FEBRUARY 17, 2022 ORDER [ECF 70]**

For the reasons set forth below, Defendants' Response (ECF 73) underscores the

bases for granting Armstrong Teasdale's and Mr. Scheff's Motion (ECF 70).

**1.      The Motion Should Be Granted Because Defendants Do Not
         (and Cannot) Dispute That the Western District of Texas
         Miscellaneous Action Was Not Withdrawn**

The Motion demonstrates:  (1) Defendants violated the Order by failing to

withdraw the Western District of Texas miscellaneous action in which Defendants'

Texas lawyer filed a motion to quash; and (2) Defendants failed to provide Armstrong

Teasdale and Mr. Scheff with the notices and instructions required by this Court's

February 17 Order.

As to (1), Defendants do not dispute that their lawyer Leslie Giordani and her law firm failed to withdraw their miscellaneous action and that Defendants' failure led the Texas Court to grant as unopposed their motion to quash.  *See* ECF 70-1 (W.D. Tex. Order on Motion to Quash).  This Motion therefore should be granted because Defendants failed to comply with the February 17 Order directing that "Defendants shall, within two days of this Order, withdraw the miscellaneous action[] pending" in the Western District of Texas.  *See* Order, ECF 67, at (c).

As to (2), Defendants do not dispute that counsel for Armstrong Teasdale and Mr. Scheff repeatedly requested (on February 18, 21 and 23) a copy of Defendants' written instructions to their California and Texas counsel regarding the February 17 Order.  *See* ECF 70-2, at paragraph 2; ECF 70-3, p.1; ECF 70-4, at page 2, paragraph 7. Counsel also met and conferred on the 23rd about several issues, including this, and Defendants' counsel acknowledged that she did not know what instructions had been given to those counsel.  When the undersigned learned that the Texas miscellaneous action had not been withdrawn – and even worse, that the Texas lawyer's motion to quash had been granted as unopposed – Armstrong Teasdale and Mr. Scheff immediately and appropriately filed this Motion on February 24.

It turns out that Mr. Brophy sent a February 18 email and copy of the Order to Ms. Giordani, Mr. Phelan, and Mr. Given.  *See* Exhibit A hereto and attachment. Notably, however, the email failed to instruct that the miscellaneous action be withdrawn.  Instead, Mr. Brophy instructed them to "produce any and all documents

related to this lawsuit and any of the claims or defenses raised by either party." Exhibit A and attachment thereto.[1]

Accordingly, the Motion should be granted and is not moot.[2]

### 2.   Defendants' "Counter-Motion for Sanctions" is baseless.

For the second time in this case already, Defendants respond to a motion with a "counter-motion," this one merely re-hashing meritless grievances. To start, Defendants' complain that they received the firm's "complete file" late; this, for reasons already discussed in prior pleadings and at hearings before the Court, has no merit for multiple reasons, including that Defendants' counsel have already received 1.5 million pages of documents from that file even before Armstrong Teasdale's response to Defendants' document requests was due. In contrast, Defendants have yet to produce any documents and not provided any date by which their document production will begin.

---

[1] That Mr. Brophy's e-mail attached a copy of the Order is thin gruel because his e-mail was silent on Defendants' required instruction to have the miscellaneous actions withdrawn. That failure proved key as Texas counsel did not withdraw her miscellaneous action.

[2] Defendants falsely say that Armstrong Teasdale and Mr. Scheff "made no effort to meet and confer prior to filing the Motion" about whether Defendants were in compliance with the Court's February 17 Order. ECF 73, at 2. In fact, on February 18, 21, and 23, the undersigned requested that Defendants provide copies of the instructions required by the Order. *See* ECF 70-2, at paragraph 2; ECF 70-3, p. 1; ECF 70-4, at page 2 paragraph 7. Defendants did not respond to the February 18 or 21 requests. On February 24 the undersigned requested that Defendants meet and confer about whether they were in compliance with the Order. *See* ECF 70-3, at ¶ 7 ("An additional area for today's meet and confer is Defendants' compliance with the Court's February 16 [sic] Order. Please provide written confirmation, including the written instructions to his counsel."). At the February 24 meet and confer, counsel for Defendants said that she did not know what Defendants' lawyers had been instructed.

Their next complaint – that Armstrong Teasdale's and Mr. Scheff's discovery responses were untimely – is no basis for a counter-motion; indeed, it is already the subject of a (baseless) motion (ECF 72).  As will be shown when a response is filed, in addition to producing the 1.5 million pages in advance of any deadline, Armstrong Teasdale and Mr. Scheff responded to Defendants' two sets each of Defendants' Requests for Admission and Requests for Production on February 15 (a day later than 30 days) and 12 sets of Interrogatories on February 25.  If anything, Defendants' complaint reveals their unwillingness to provide a customary two-week extension requested by Armstrong Teasdale and Mr. Scheff.  *See* Judge Chad F. Kenney, Policies and Procedures for Counsel, at 11 ("Counsel should allow for the common courtesies that are standard in litigation practice and work with each other to accommodate schedules especially as deadlines draw near.").  Armstrong Teasdale and Mr. Scheff used the few extra days constructively to try to respond to the substance of Defendants' discovery requests, not junk them up with objections like Defendants have done.[3]

Defendants' final complaint -- that the subpoenas duces tecum to Defendants' lawyers were objectionable -- is baseless, because the Court struck those objections in its February 17 Order.

****

---

[3] In our effort to move forward with the substance of this case, we attempted to meet and confer on February 24 about the multiple deficiencies in Defendants' discovery responses.  For example, Defendants have objected to every request; Defendants are unwilling to produce documents until after they have completed review of Armstrong Teasdale's production; and they refuse to produce documents relating to their allegations they do not owe their unpaid legal fees.  *See* ECF 70-4, at paragraph 5-6 (summarizing Mr. Martorello's discovery response deficiencies).  Defendants' counsel however have refused to meet and confer until they receive responses to Defendants' interrogatories.

As we explained at the last hearing, counsel for Armstrong Teasdale and Mr. Scheff are eager to have this matter litigated efficiently, practically and responsibly. That means multiple things, including that the parties have to comply with the Court's Orders and not file "counter motions" as part of some "best-defense-is-a-good-offense defense."  Feb. 14, 2022 Order, <u>ECF 62, at 1</u>.

Respectfully submitted,

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER

Date:  March 1, 2022         By:    */s/ John S. Summers*
                               John S. Summers (Atty. I.D. #41854)
                               jsummers@hangley.com
                               Andrew M. Erdlen (Atty. I.D. #320260)
                               aerdlen@hangley.com
                          One Logan Square, 27th Floor
                          Philadelphia, PA 19103
                          (215) 568-6200

                          *Attorneys for Plaintiff and Counterclaim-
                          Defendant Armstrong Teasdale LLP and
                          Third-Party Defendant Richard L. Scheff*

# EXHIBIT A

| | |
|---|---|
| **From:** | Joe Brophy |
| **To:** | Summers, John S.; Erdlen, Andrew M. |
| **Cc:** | Jeff Ogren; Marianne Barth; Rosa Alonso |
| **Subject:** | FW: Activity in Case 2:21-cv-03631-CFK ARMSTRONG TEASDALE LLP v. MARTORELLO et al Motion for Contempt |
| **Date:** | Friday, February 25, 2022 2:08:12 PM |
| **Attachments:** | image001.png |
| | FW ArmstrongScheff vs. Martorello.msg |

**[EXTERNAL EMAIL - This message originated outside Hangley Aronchick.]**

Please withdraw your Motion referenced below. It is frivolous and moot.

The bottom line is that before I even reviewed or saw the Court's order, I emailed Leslie Giordani, Robin Phelan and Barney Given, per the court's instruction in open court, that they needed to produce any and all  documents related to this lawsuit and any of the claims or defenses raised by either party.

Please see the attached email reflecting same which I sent as soon as I returned to the office from Philadelphia.

My understanding is that they are all are compiling their responsive documents and that they will be produced shortly, well within the time period ordered by the court.

If you had bothered to confer with me first, I would have told you this and provided you with the attached email.

If you will not withdraw your Motion, we will file a response and ask for sanctions as well.

Joseph F. Brophy
**Brophy & Devaney, PLLC**
THE OVERLOOK AT BARTON CREEK
317 Grace Lane, Suite 210
Austin, Texas 78746
O: (512)596-3623
M: (512)567-1458
F: (512)532-6637
Joe@bdlawpllc.com

 

* * * * * * * * * * * * * * * * * * * * * *
CONFIDENTIALITY NOTICE
* * * * * * * * * * * * * * * * * * * * * *

The information in this electronic mail may be confidential and/or privileged. This electronic mail is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this electronic mail and its attachments, if any, or the information contained herein is prohibited. If you have received this electronic mail in error, please immediately delete this electronic mail from your system. Thank you.

---

**From:** ecf_paed@paed.uscourts.gov <ecf_paed@paed.uscourts.gov>
**Sent:** Thursday, February 24, 2022 2:52 PM
**To:** paedmail@paed.uscourts.gov
**Subject:** Activity in Case 2:21-cv-03631-CFK ARMSTRONG TEASDALE LLP v. MARTORELLO et al Motion for Contempt

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### United States District Court

### Eastern District of Pennsylvania

## Notice of Electronic Filing

The following transaction was entered by SUMMERS, JOHN on 2/24/2022 at 3:51 PM EST and filed on 2/24/2022

| | |
|---|---|
| **Case Name:** | ARMSTRONG TEASDALE LLP v. MARTORELLO et al |
| **Case Number:** | 2:21-cv-03631-CFK |
| **Filer:** | ARMSTRONG TEASDALE LLP |
| | RICHARD L. SCHEFF |

**Document Number:** 70

**Docket Text:**
**MOTION for Contempt , MOTION for Sanctions , MOTION to Enforce filed by**

**ARMSTRONG TEASDALE LLP, RICHARD L. SCHEFF.. (Attachments: # (1) Exhibit 1, # (2) Exhibit 2, # (3) Exhibit 3, # (4) Exhibit 4)(SUMMERS, JOHN)**

**2:21-cv-03631-CFK Notice has been electronically mailed to:**

ANDREW M. ERDLEN    aerdlen@hangley.com, czk@hangley.com, ecffilings@hangley.com

CARA J FILIPPELLI    cara@bdlawpllc.com

GEORGE BOCHETTO    gbochetto@bochettoandlentz.com, jbaker@bochettoandlentz.com, tbaker@bochettoandlentz.com

JEFFREY W. OGREN    jogren@bochettoandlentz.com, jguaraldo@bochettoandlentz.com, mkamins@bochettoandlentz.com

JOHN S. SUMMERS    jsummers@hangley.com, crearick@hangley.com, ecffilings@hangley.com

JOSEPH BROPHY    joe@bdlawpllc.com

MARIANNE BARTH    marianne@bdlawpllc.com, kathy@bdlawpllc.com

**2:21-cv-03631-CFK Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1001600548 [Date=2/24/2022] [FileNumber=18128664-0] [56acd4c9169f7e4022fdc26264241b4b86d47bc8f3269499732720fd6a46340ada ed6a301755a48e1f87cbc950c9bed7c78f36db2ce8aa21b831f73d73ef7740]]
**Document description:**Exhibit 1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1001600548 [Date=2/24/2022] [FileNumber=18128664-1] [4e554728403b4092ac6b09bf7731aa1c4b6dd21c49d7588a18e7e5c089ff83bf5f 9a46734ec21cd88fe1135dc426eaf5dffa3b4eb300620b21ceb629f15e1f7e]]
**Document description:**Exhibit 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1001600548 [Date=2/24/2022] [FileNumber=18128664-2] [91fd2be3b4e392ff48b1d4d34dbf0a28da1f9ef85c56d53d305c3f23b45136088b deae63e99a582503a84c32aaf4547a40bd4b2856ab0838a4cc1e2e7a08fec6]]
**Document description:**Exhibit 3
**Original filename:**n/a

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1001600548 [Date=2/24/2022] [FileNumber=18128664-3] [47b4ba96feeb5143770f097e99d61e4af87345c7d7e9b5586d8cac405defec2f1684a8599bc7e24eddd57cbb45f4d1735073872538b3e72f1bda5c7a2dd76154]]

**Document description:**Exhibit 4

**Original filename:**n/a

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1001600548 [Date=2/24/2022] [FileNumber=18128664-4] [1d7ba288ec1b4ba630f6b88326017f2af63ad33c5e08b02a130d7e66cb1e9e95906a1560a8b631edb1a5fba34d2f54d4fa014c54bcab2cdc390f1bedaf94008f]]

| From: | Joe Brophy |
|---|---|
| To: | Joe Brophy |
| Subject: | FW: Armstrong/Scheff vs. Martorello |
| Date: | Friday, February 25, 2022 2:00:40 PM |
| Attachments: | image001.png |
| | 2022.02.17 [67] Order re Mtn to Strike.pdf |
| | 2022.02.18 [68] Stip & Order re deadline to resp to CC & TPC.pdf |

Joseph F. Brophy

**Brophy & Devaney, PLLC**

The Overlook at Barton Creek

317 Grace Lane, Suite 210

Austin, Texas 78746

O: (512)596-3623

M: (512)567-1458

F: (512)532-6637

Joe@bdlawpllc.com

 

**❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖**

CONFIDENTIALITY NOTICE

**❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖**

The information in this electronic mail may be confidential and/or privileged. This electronic mail is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this electronic mail and its attachments, if any, or the information contained herein is prohibited. If you have received this electronic mail in error, please immediately delete this electronic mail from your system. Thank you.

**From:** Joe Brophy

**Sent:** Friday, February 18, 2022 4:22 PM

**To:** Kathy Vu <Kathy@bdlawpllc.com>; Matt Martorello <matt@liontllc.com>; Rebecca Martorello <rebecca@liontllc.com>; Justin Martorello <jemartorello@gmail.com>; Barney Given <bgiven@loeb.com>; W. Allan Edmiston <aedmiston@loeb.com>; Robin Phelan <robin@phelanlaw.org>; Leslie Giordani <lgiordani@gbgrlaw.com>; Shannon Clifton <sclifton@gbgrlaw.com>

**Cc:** Marianne Barth <marianne@bdlawpllc.com>; Cara Filippelli <cara@bdlawpllc.com>; Jeff Ogren <jogren@bochettoandlentz.com>; gbochetto@bochettoandlentz.com

**Subject:** RE: Armstrong/Scheff vs. Martorello

Please see the attached Order and Stipulation.

The Order and Stip is predicated, at least, in part on the following:

Pennsylvania Rule of Professional Conduct 1.6(c)(4) states that ==a lawyer may reveal information related to representation of a client "**_to establish a claim or defense_** _on behalf of the lawyer in a controversy between the lawyer and the client,_ to establish a defense to a criminal charge or civil claim==_ or disciplinary proceeding against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's_

representation of the client.

Also, the offensive use doctrine *a/k/a* sword/shield, pursuant to which we intend to rely on the witness testimony of Barney Given, Leslie Giordani and Robin Phelan, amongst others.

I'm happy to discuss as needed.

We'll need all the responsive docs, but we will use Relativity and be responsible for Bates numbering and marking as "Confidential."

Thanks and have a good weekend.

Joseph F. Brophy

**Brophy & Devaney, PLLC**

The Overlook at Barton Creek

317 Grace Lane, Suite 210

Austin, Texas 78746

O: (512)596-3623

M: (512)567-1458

F: (512)532-6637

[Joe@bdlawpllc.com](mailto:Joe@bdlawpllc.com)

 

CONFIDENTIALITY NOTICE

The information in this electronic mail may be confidential and/or privileged. This electronic mail is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this electronic mail and its attachments, if any, or the information contained herein is prohibited. If you have received this electronic mail in error, please immediately delete this electronic mail from your system. Thank you.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| | : | CIVIL ACTION |
| **ARMSTRONG TEASDALE** | : | |
| **LLP,** | : | |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | No.   21-3631 |
| | : | |
| **MATT MARTORELLO, et al** | : | |
| *Defendant.* | : | |

## <u>ORDER</u>

**AND NOW**, this **17th** day of **February 2022**, upon consideration of Plaintiff

Armstrong Teasdale LLP and Third-Party Defendant Richard L. Scheff's

Expedited Motion to Strike Defendant's Objections to Subpoenas (<u>ECF No. 61</u>), it

is hereby **ORDERED** as follows:[1]

    (a) Defendant's Objections to the January 28, 2022 subpoenas *duces*

       *tecum* issued by Armstrong Teasdale and Mr. Scheff to nonparties (i)

       Mr. Bernard Given; (ii) Loeb & Loeb LLP; (iii) Ms. Leslie Giordani;

       (iv) Giordani Baker Grossman & Ripp LLP; (v) Mr. Robin Phelan;

       and (vi) Robin Phelan Law, are **STRICKEN**;

---

[1] This Order is based on the parties' agreement and provided description orally read into the record at today's conference. If the parties believe that this Order does not fairly reflect the verbal recitation of the agreement made at today's conference, they may submit a stipulation with an Amended Order.

(b) Defendants shall, within three business days of this Order, direct non-parties Mr. Bernard Given, Loeb & Loeb LLP, Ms. Leslie Giordani, Giordani Baker Grossman & Ripp LLP, Robin Phelan, and Robin Phelan Law to produce not later than thirty (30) days from this Order all responsive documents to counsel for Defendants in order for Defendants to mark the documents with Bates numbers and Confidential stamping, in accordance with the Protective Order. On or before seven (7) days after counsel for the Defendants receives the documents, all responsive documents, other than those documents for which Defendants' assert are protected by the attorney-client privilege or work product doctrine, shall be produced to counsel for Armstrong Teasdale and Mr. Scheff. Within seven (7) days of that production, Defendants shall serve on counsel for Armstrong Teasdale and Mr. Scheff a privilege log identifying the documents withheld and/or redacted for privilege and the basis for the assertion of privilege or work product. Defendants are further directed that, in making an assertion of privilege and work product, they must carefully review whether whatever protection may have been afforded the documents, Defendants have waived any privilege or other protection because of

the statements and positions Defendants have made in the pleadings and other filings in this action.

(c) Defendants shall, within two days of this Order, withdraw the miscellaneous actions pending in the Central District of California captioned *In re: Subpoenas to B. Given & Custodian of Records for Loeb & Loeb LLP*, No. 22- mc-32 (C.D. Cal. Feb. 9, 2022) and in the Western District of Texas, *In re: Subpoenas to L. Giordani & Custodian of Records for Giordani Baker Grossman & Ripp LLP*, 22- mc-111 (W.D. Tex.); and

(d) Defendants shall, within two days of this Order, provide notice of this Order to non-parties Mr. Bernard Given, Loeb & Loeb LLP, Ms. Leslie Giordani, Giordani Baker Grossman & Ripp LLP, Robin Phelan, and Robin Phelan Law.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARMSTRONG TEASDALE LLP, | : | |
| Plaintiff/Counterclaim-Defendant, | : | |
| | : | |
| v. | : | Case No.: 2:21-cv-03631-CFK |
| | : | |
| MATT MARTORELLO, REBECCA MARTORELLO, JUSTIN MARTORELLO, GALLANT CAPITAL LLC, LIONT LLC, and EVENTIDE CREDIT ACQUISITIONS LLC, | : | |
| Defendants/Counterclaim-Plaintiffs/Third-Party Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD L. SCHEFF, | : | |
| Third-Party Defendant. | : | |

## STIPULATION AND ORDER

WHEREAS, on February 4, 2022, Defendants and Counterclaim-Plaintiffs Matt Martorello, Rebecca Martorello, Justin Martorello, Gallant Capital LLC ("Gallant"), Liont LLC ("Liont"), and Eventide Credit Acquisitions LLC ("Eventide") filed an Amended Counterclaim against Plaintiff and Counterclaim-Defendant Armstrong Teasdale, LLP ("Armstrong Teasdale") and an Amended Third-Party Complaint against Mr. Scheff (ECF 60); and

WHEREAS, the parties agree to an extension for Armstrong Teasdale and Mr. Scheff to respond to the Amended Counterclaim and Amended Third-Party Complaint (ECF 60), respectively; and

WHEREAS, the stipulated extension will not affect the deadlines set forth in the Court's Scheduling Order (ECF 50);

Accordingly, it is agreed that:

1. Armstrong Teasdale shall have until February 21, 2022 to respond to the Amended Counterclaim (ECF 60); and

2. Third-Party Defendant Richard L. Scheff shall have until February 21, 2022 to respond to the Amended Third-Party Complaint (ECF 60).

By: _/s/ Jeffrey W. Ogren_____     By:     _/s/ John S. Summers_____

BROPHY & DEVANEY, PLLC           HANGLEY ARONCHICK SEGAL
Joseph Brophy                     PUDLIN & SCHILLER
Marianne Barth                    John S. Summers (#41854)
317 Grace Lane                    jsummers@hangley.com
Suite 210                         Andrew M. Erdlen (#320260)
Texas                             aerdlen@hangley.com
Austin, TX 78746                  One Logan Square, 27th Floor
512-910-7776                      Philadelphia, PA 19103
joe@bdlawpllc.com                 (215) 568-6200
marianne@bdlawpllc.com

                                  *Counsel for Plaintiff and Counterclaim-*
BOCHETTO & LENTZ PC               *Defendant Armstrong Teasdale LLP and Third-*
George Bochetto                   *Party Defendant Richard L. Scheff*
Jeffrey W. Ogren
1524 Locust Street
Philadelphia, PA 19102
215-735-3900
gbochetto@bochettoandlentz.com
jogren@bochettoandlentz.com

*Counsel for Defendants,*
*Counterclaim-Plaintiffs, and Third-*
*Party Plaintiffs*

Dated:  February 17, 2022          Dated:  February 17, 2022


        It is so **ORDERED**.

                                  **BY THE COURT:**
                                  /s/ Chad F. Kenney
                                  _____
                                  **CHAD F. KENNEY, JUDGE**

Dated:  February 18, 2022